UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

EUGENE JONES,

    Plaintiff,

    vs.

CORRECTIONAL OFFICER J.
LEBECK,

    Defendant.

NO.  CV-08-2534-RHW

**SCHEDULING ORDER**

A telephonic scheduling conference was held on January 30, 2014.  Eugene Jones appeared *pro se.*  R. Lawrence Bragg appeared on behalf of the Defendant.

Having reviewed the parties' Status Certificate, heard from the parties, and been fully advised in this matter, **IT IS HEREBY ORDERED:**

1.  All non-dispositive hearings in which oral argument has been requested shall be conducted telephonically unless approved for in-person argument by the Court.  If in-person argument is desired, the parties must advise the Court why in-person argument would be appropriate when contacting the Court to schedule the hearing.  All dispositive hearings in which oral argument has been requested shall be set for in-person appearance; however, the parties may request to appear telephonically.  The Court attempts to rule on any pending motions within thirty (30) days.  If the parties have not received an Order within thirty (30) days after a hearing, contact the Courtroom Deputy to inquire as to the status.

2.  The parties shall contact the Court if they believe a settlement conference should be held.

SCHEDULING ORDER -- 1

3. The parties shall exchange the materials identified in Fed. R. Civ. P. 26(a)(2)(B) in accordance with the following schedule, but shall not file these materials with the Court.

The parties shall identify expert witnesses to be called at trial and shall exchange Rule 26 materials for those witnesses on or before **April 26, 2014**, for all issues on which they bear the burden of proof. Ordinarily, that means that Plaintiffs shall disclose experts supporting its case-in-chief, and that Defendants shall disclose experts supporting any affirmative defenses.

The parties shall identify expert witnesses to be called at trial and shall exchange Rule 26 materials for those witnesses on or before **May 25, 2014**, for all issues on which the opposing party bears the burden of proof. Ordinarily, that means that Defendants shall disclose experts opposing Plaintiffs' case-in-chief, and that Plaintiffs shall disclose experts opposing any affirmative defenses.

All rebuttal expert witnesses shall be identified, and Rule 26 materials exchanged, on or before **June 15, 2014.**

The parties may modify the deadline for exchange of expert disclosures by joint stipulation filed with the Court. Pre-trial disclosure of the identity of all other persons shall conform to the requirements of Fed. R. Civ. P. 26(a)(1) (persons with relevant knowledge) and 26(a)(3) (witnesses).

4. All discovery shall be completed on or before **July 13, 2014**. The parties shall file no discovery except as necessary to support motions. Counsel may contact the court telephonically to obtain an expedited ruling on discovery questions if they wish to avoid the time and expense of a written motion.

5. All dispositive motions shall be filed and served on or before **July 25, 2014**. The parties shall confer on available dates, then contact Chambers to check availability for the hearing date. Counsel shall note the date of the hearing at least 50 days after the motion's filing. Responsive memorandum must be filed 30 days after the mailing of the dispositive motion as noted on the certificate of mailing.

SCHEDULING ORDER -- 2

The moving party may file a reply memorandum, which must be filed within 14 days after the filing of the response to the dispositive motion.

6. Exhibit lists and witness lists shall be filed and served, and exhibits made available for inspection (or copies provided), on or before **September 13, 2014.** The witness list shall include identification of each witness's testimony. Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial.

Objections to such lists and any accompanying briefs shall be filed and served on or before **September 20, 2014.** Objections shall be heard at the pretrial conference. Copies of the exhibits to which there are objections shall be provided to the Court on or before **September 20, 2014.**

Each party shall bring to trial and any other hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit. It is recommended that these photocopies be organized into separate binders.

7. All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions *in limine* to be filed and served on or before **September 28, 2014.** Responses shall be filed and served 10 days after motions are filed. Such motions will be addressed and resolved at the pretrial conference.

Challenges to the admissibility of expert opinion testimony shall be made by motion *in limine* and shall be heard at the pretrial conference. If the party challenging expert testimony anticipates that an evidentiary hearing shall be required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its motion *in limine*. The party shall describe the nature of the evidence to be presented and provide an estimate of the amount of time required for the hearing.

SCHEDULING ORDER -- 3

8. Designation of substantive, as opposed to impeachment, deposition testimony shall be by highlighting and shall be served on or before **September 13, 2014.** Cross-designations by highlighting in a different color shall be served on or before **September 20, 2014.** Objections to any designated deposition testimony shall be filed and served on or before **September 27, 2014**, and shall be heard and resolved at the pretrial conference. Copies of designations to which there are objections shall be provided to the Court on or before **September 27, 2014.**

9. A joint Pretrial Order shall be filed on or before **October 14, 2014**, and a copy e-mailed to the Court at *whaleyorders@waed.uscourts.gov*.

The list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

10. A telephonic pretrial conference will be held on **October 20, 2014**, at **9:30 a.m.** At the time scheduled for the pretrial conference, the parties shall call the Court's conference line.

Instructions for conference: The parties shall call the Courts toll-free conference line at (888) 363-4749. You will be prompted to enter the following: **Access Code 7667996 and Security Code: 2534.** Please listen carefully and follow the automated instructions so that you can be added to the conference in a timely manner.

11. Trial briefs and requested voir dire shall be filed and served on or before **October 17, 2014.**

12. Prior to **October 17, 2014**, the parties shall confer regarding jury instructions. On or before **October 17, 2014**, the parties shall jointly file a complete set of jury instructions that contain copies of each instruction on which the parties agree and copies of each instruction that is disputed (i.e., a copy of each party's proposed version, if any, of an instruction on which they do not agree). All

SCHEDULING ORDER -- 4

instructions shall be short, concise, understandable, and neutral statements of the law.  Argumentative instructions shall not be submitted or given.  To be complete, the joint set of instructions must include instructions addressing the elements of each claim or defense, and a proposed verdict form.  Instructions need not be submitted on issues that are not unique to this case, such as standard opening and closing instructions.  A copy of each proposed instruction, shall be filed and a copy e-mailed to the court at *whaleyorders@waed.uscourts.gov.*

On or before **October 17, 2014**, each party shall file and serve a legal memorandum addressing any objections the party has regarding any instructions proposed by any other party.  In their memoranda, the parties shall identify the specific portion of any proposed instruction to which they object and shall concisely state the basis for the objection.  If any of the proposed instructions are modified versions of model instructions, the parties shall identify the modification and legal authority for the modification.  Objections asserting that an instruction sets forth an incorrect or inappropriate statement of law shall cite specific legal authority supporting the objection.  Failure to file an objection and supporting memorandum may be construed as consent to the adoption of an instruction proposed by another party.  Any objection or proposed instruction for which a good faith basis does not exist may result in sanctions.  The party proposing a disputed instruction may file a memorandum responding to any other party's objections, but must do so on or before  **October 24, 2014.**

13.  Jury selection at trial is conducted using the "Struck" method.  After the Court has concluded its questioning of the jury venire, counsel may be permitted to ask questions of the entire panel as a group, with follow-up questions to individuals as appropriate.  The time permitted is normally twenty (20) minutes for each side, followed, if necessary, by supplemental questioning as permitted by the Court.  Counsel are cautioned not to argue their case through the *voir dire* process.  If either counsel violates this admonition, counsel's *voir dire* may be

limited or terminated.  Upon request by counsel, the *voir dire* process may be discussed at the pretrial conference.

14.  The **jury** trial shall commence on **November 12, 2014**, at 9:00 a.m., in Courtroom 9, 13th floor,  Sacramento, California.  The parties shall appear at 8:30 a.m. on the day of trial.  Jury selection shall begin at 9:00 a.m.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and to furnish copies to counsel.

**DATED** this 11th  day of February, 2014.


*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge