UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

EUGENE JONES, III,

    Plaintiff,

v.

CORRECTIONAL OFFICER J. LEBECK,

    Defendant.

NO. CV-08-2534-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 26. The motion was heard without oral argument.

Plaintiff is a pro se state prisoner. He alleges Defendant used excessive force in violation of the 8th Amendment when he sprayed Plaintiff with pepper spray. Defendant now moves for summary judgment.

**A.   Motion Standard**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party had the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

325 (1986). If the moving party meets it initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B.  Facts**

The following facts, viewed in the light most favorable to Plaintiff, the non-moving party, are taken from Plaintiff's deposition and Third Amended Complaint:

On January 29, 2008, at around 3:45 p.m., Defendant Lebeck, Officer Spitzer and other correction officers approached Plaintiff's cell in order to conduct a search. Plaintiff and his cell mate, Derek Brown, were told to leave the cell and take a seat at one of the tables located in the day room.[1] Plaintiff and Brown complied and sat down at a table in the day room. The table was approximately 10 to 14 yards from their cell. They were not handcuffed; instead they were unrestrained.

While seated, Plaintiff observed Defendant Lebeck tossing his things all

---
[1] In the past when Defendant's cell was searched, he would be locked in the shower located a couple of cells down.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

over the place, stepping in the food boxes, and throwing things away. Defendant Lebeck threw out some of Plaintiff's art supplies, such as papers, pens, pencils, and other items and he also threw out Brown's magazines.

As a result, Brown began to get agitated. He started questioning Defendant Lebeck's search methods. He questioned why the search was taking so long, and telling Defendant Lebeck that he could not look through their legal papers in that manner. Defendant Lebeck looked back and smirked, and said, to the effect, "I can do what I want, don't tell me how to do our job." Brown asked to speak to a sergeant.

Defendant Lebeck then approached the two inmates and told them to turn around in order to be cuffed and placed in the shower. Plaintiff and Brown responded that they wanted to speak to the sergeant. According to Plaintiff, Defendant Lebeck asked at least three times for Plaintiff and Brown to turn around in order to be cuffed. They did not comply with the commands. Plaintiff characterized their actions as a "light protest."

Defendant Lebeck activated the alarm, and then instructed Plaintiff and Brown to get down to the ground. Neither Plaintiff or Brown complied with Defendant Lebeck's request to get on the ground. They remained seated at the table. Defendant Lebeck then sprayed Brown with pepper spray. After Brown was sprayed, he went to the ground. The encounter with Brown took approximately 8-10 seconds. Defendant Lebeck then told Plaintiff to get to the ground. Plaintiff remained seated and Defendant Lebeck sprayed him with pepper spray. He was sprayed in his face and mouth. Plaintiff estimates he was sprayed for 8 to 10 seconds. Defendant Lebeck used the same can of spray on both men and he emptied his can on Plaintiff.

Plaintiff was then escorted to the Sally port, which is a decontamination carriage. He was locked in the shower while cuffed, and was sprayed with cold water to minimize the effect of the pepper spray. After the shower, Plaintiff's eyes,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

head, scalp, torso and genital areas continued to burn for about three to six days.

**C.     Eighth Amendment**

   **1.     Overview**

When prison officials use excessive force against prisoners, they violate the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). Force does not amount to a constitutional violation, however, if it is applied in a good faith effort to restore discipline and order, and not "maliciously and sadistically for the purpose of causing harm. *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).[2]

Under this analysis, then, in order to hold Defendant Lebeck liable, Plaintiff must show that Lebeck used the pepper spray "maliciously and sadistically for the very purpose of causing harm." Courts have recognized that the use of tear gas or pepper spray in small amounts may be a necessary prison technique if a prisoner refuses after adequate warning to move from a cell or upon other provocation presenting a reasonable possibility that slight force will be required. *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (quoting *Spain v. Procunier*, 600 F.2d 189, 195 (9th Cir. 1979)). On the other hand, courts have also recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain. *Id.*

Five factors are considered by the courts in determining whether the force used by the officers caused unnecessary and wanton pain and suffering: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to

---

[2]This standard necessarily involves a more culpable mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction. *Clement*, 298 F.3d at 903.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

temper the severity of a forceful response. *Id.* (quoting *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices to further institutional order and security. *Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

**2.   Analysis**

Here, the undisputed facts show that Defendant used pepper spray only after Plaintiff and his cell mate refused to comply with numerous orders to submit to handcuffs, to go into the shower during the cell search, and to get on the ground. As such, Plaintiff has failed to raise a triable issue as to whether Defendant acted maliciously and sadistically for the very purpose of causing harm.

Plaintiff reported that he experienced residual discomfort for up to six days as a result of the exposure to the pepper spray, but he did not require any follow up medical treatment as a result of his exposure to the pepper spray. Nor was his vision affected by the use of the pepper spray.[3] As such, there are no questions of material fact regarding the extent of Plaintiff's injuries. These injuries do not support a finding that Defendant applied the pepper spray maliciously and sadistically for the purpose of causing harm.

Also, it is undisputed that Plaintiff and his cell mate repeatedly refused to comply with orders to turn around and be handcuffed. They also refused to comply with orders to get to the ground. Plaintiff and his cell mate were unrestrained and were getting agitated. This created a situation in which the prison staff reasonably

---

[3] "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation, 'or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.'" *Hudson v. McMillian,* 503 U.S. 1, 7 (1992) (citation omitted). Absence of serious injury is relevant but is not dispositive. *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

believed their safety was in jeopardy–one in which the need for force was required. Accordingly, there are no questions of material fact regarding Plaintiff's failure to comply with Defendant's direct order. A reasonable jury would conclude that Defendant's decision to use the pepper spray to gain compliance was reasonable.

Next, it is undisputed that Defendant sprayed Plaintiff with pepper spray for no more than 8-10 seconds. Moreover, Defendant discontinued the use of the pepper spray after Plaintiff complied with Defendant's request to get on the ground. As such, there are no questions of material fact regarding the extent the pepper spray was used. A reasonable jury would conclude that the amount of pepper spray used was reasonable and not in a greater amount than was necessary.

Finally, Plaintiff was brought to the decontamination port immediately after the incident. He was allowed to shower in order to minimize the effect of the pepper spray. Consequently, there are no questions of material fact regarding the efforts to minimize the harm caused by the pepper spray. A reasonable jury would conclude that Defendant's actions in tempering the effects of the pepper spray do not support a finding that Defendant acted maliciously and sadistically for the very purpose of causing harm.

**D.    Conclusion**

Plaintiff has not met his burden of showing there are genuine issues of material fact regarding whether Defendant Lebeck used excessive force in violation of the Eighth Amendment. Here, a reasonable jury would find Defendant Lebeck used the pepper spray in good faith in order to gain Plaintiff's compliance and to maintain discipline and order, and he did not act maliciously and sadistically for the purpose of causing harm.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, ECF No. 26, is **GRANTED**.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

2. Judgment is entered in favor of Defendant and against Plaintiff.

3. The telephonic hearing set for June 17, 2014 is **stricken**. All other hearings and deadlines are **stricken**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Plaintiff and counsel, and **close** the file.

**DATED** this 11th day of June, 2014.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7